## Robinson v. Robinson

*R. H. Arronson, L. J. Carter,* for plaintiff.

*Townsend, Elliott & Munson, T. Ebert, B. M. Quigg, Jr.,* for defendants.

WEINROTT, J., September 13, 1956.—Plaintiff, the wife of Joseph J. Robinson, deceased, has commenced an action in equity by a writ of summons against executors of decedent's estate, decedent's children and certain of decedent's corporations and banking insti-

tutions. All defendants duly entered appearances in the action. Plaintiff then filed her petition to take the depositions of defendants under Pa. R. C. P. 4007, 4009 and 4011.

This petition sets forth the date of death of decedent as April 2, 1956, a resident of Philadelphia, and admits that letters testamentary were granted in decedent's estate by the Register of Wills of Philadelphia County to defendant executors. It further alleges that decedent, during his lifetime, had made numerous conveyances in fraud of the marital rights of plaintiff. By these transfers, it is averred certain assets would go to persons other than plaintiff who, as his widow, would be entitled to share in them as assets of decedent's estate. Defendants filed an answer to this petition denying these allegations and, further, raised the question of the jurisdiction of the court of common pleas in this matter. Defendants contend that the subject matter of plaintiff's action concerns assets of an estate of a decedent in which letters testamentary have been granted and the administration of which is not yet complete, and that the orphans' court has jurisdiction of the entire matter.

The issue before the court for determination was whether the court of common pleas has jurisdiction of a claim by a widow of a decedent for certain assets of decedent's estate allegedly transferred in fraud of her marital rights, where letters testamentary have been granted and executors duly appointed under decedent's will, or whether exclusive jurisdiction rested with the orphans' court.

The Orphans' Court Act of August 10, 1951, P. L. 1163, art. III, sec. 301, as amended, which vests jurisdiction in the orphans' court states:

"The orphans' court shall have exclusive jurisdiction of:

"(1) Decedents' Estates. The administration and distribution of the real and personal property of decedents' estates . . .

"(13) Title to Personal Property. The adjudication of the title to personal property in the possession of the personal representative, or registered in the name of the decedent or his nominee, or alleged by the personal representative to have been in the possession of the decedent at the time of his death."

The core and substance of plaintiff's claim in this action as set forth in her petition is that the assets of decedent's estate should be greater than they presently are because of certain transfers during the lifetime of decedent allegedly in fraud of her marital rights. The jurisdiction of the orphans' court governing the administration and distribution of the real and personal property of decedent's estate clearly extends to and includes the distribution of the assets among all persons entitled thereto. It covers all cases within their respective counties wherein executors, administrators, guardians or trustees may be possessed of, or are in anyway accountable for, any real or personal estate of decedent. It is well settled that the jurisdiction further extends to the exercise of all legal and equitable powers necessary to the doing of anything which is or may be hereafter required or permitted to be done in said court, whether incidental to the powers enumerated or in addition thereto: Orphans' Court Act of August 10, 1951, supra, sec. 304; Stemple v. Carson, 366 Pa. 392.

One of the fundamental duties of an executor of a decedent's estate is to collect all the assets belonging to decedent and the orphans' courts possess extensive powers to assist decedent's personal representatives to acquire control of property rightfully belonging to the estate. Decedent's executors are charged with the

duty which plaintiff seeks to enforce by her action here. If we were to have heard this matter, this court would, in effect, circumvent the executors and usurp the function of the orphans' court in this regard.

In Stemple v. Carson, supra, plaintiff brought a suit to rescind the sale of certain shares of stock to decedent because of alleged material misrepresentations made by him. The Supreme Court in a per curiam opinion held that jurisdiction was in the orphans' court, and that the court of common pleas had no jurisdiction to determine the ownership of the stock in question or direct its transfer by executors, or in any manner meddle with the administration of the estate in the orphans' court by taking from executor any part of the assets of the estate which were found in the hands of decedent or came into the hands of executor. Jurisdiction was held to be exclusively in the orphans' court and not in any court of general equity jurisdiction.

Plaintiff's proper remedy in this case is, likewise, within the exclusive jurisdiction of the orphans' court. Her position is based on the claim that the assets of the estate should be greater than they now are because of certain transfers alleged to be in fraud of her marital rights. Upon the filing of an inventory by executor which does not include all the assets which she maintains to be rightfully part of the estate, she would have full right to raise the very issue she proposes to raise here and would have all rights and remedies for discovery and other process allowable by law in the Orphans' Court of Philadelphia County.

We have concluded, therefore, that the rule of plaintiff for discovery should be discharged and have remanded the matter to the orphans' court. An appropriate order in accordance therewith has been duly entered.